IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, EASTERN DIVISION

```
UNITED STATES OF AMERICA    )
                            )      CRIMINAL ACTION NO.
     v.                     )         3:14cr430-MHT
                            )              (WO)
JOSHUA HENRY HUTCHINSON     )
```

OPINION AND ORDER

This cause is before the court on defendant Joshua Henry Hutchinson's motion to continue his trial. For the reasons set forth below, the court finds that the jury selection and trial, now set for March 23, 2015, should be continued pursuant to 18 U.S.C. § 3161(h)(7).

While the granting of a continuance is left to the sound discretion of the trial judge, United States v. Stitzer, 785 F.2d 1506, 1516 (11th Cir. 1986), the court is limited by the requirements of the Speedy Trial Act, 18 U.S.C. § 3161. The Act provides in part:

> "In any case in which a plea of not guilty is entered, the trial of a

> defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs."

18 U.S.C. § 3161(c)(1).  The Act excludes from the 70-day period any continuance based on "findings that the ends of justice served by taking such action outweigh the best interests of the public and the defendant in a speedy trial."  § 3161(h)(7)(A).  In granting such a continuance, the court may consider, among other factors, whether the failure to grant the continuance "would deny counsel for the defendant ... reasonable time necessary for effective preparation, taking into account the exercise of due diligence."  § 3161(h)(7)(B)(iv).

In this case, the ends of justice served by granting a continuance outweigh the interest of the public and Hutchinson in a speedy trial.  Hutchinson

is under consideration for pretrial diversion, and it is highly unlikely he will receive a decision on his application before the currently set trial date. The government does not object to a continuance. Finally, Hutchinson would be prejudiced severely by the denial of a continuance. Evaluation for pretrial diversion is a part of effective trial preparation, and denying pretrial diversion to an otherwise eligible defendant would constitute a miscarriage of justice. A continuance is therefore warranted to enable Hutchinson to be considered for pretrial diversion.

***

Accordingly, it is ORDERED as follows:

(1) Defendant Joshua Henry Hutchinson's motion for continuance (doc. no. 27) is granted.

(2) The jury selection and trial, now set for March 23, 2015, are reset for August 31, 2015, at

10:00 a.m., in the G.W. Andrews Federal Building & U.S. Courthouse, 701 Avenue A, Opelika, Alabama.

DONE, this the 3rd day of March, 2015.

/s/ Myron H. Thompson
UNITED STATES DISTRICT JUDGE